IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Gordon P. Gallagher, United States Magistrate Judge

Civil Action No. 19-cv-01176-GPG

JOSE ALFREDO FLORES QUEZADA,

    Petitioner,

v.

USA,

    Respondent.

---

RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter comes before the Court on the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 5)[1] ("the Petition") filed *pro se* by Petitioner on May 7, 2019. The matter has been referred to this Magistrate Judge for recommendation (ECF No. 9.)[2]

---

[1] "(ECF # 5)" is an example of the convention I use to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). I use this convention throughout this Recommendation.

[2] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72(b). The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

The Court must construe the Petition liberally because Petitioner is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110.

The Court has reviewed the filings to date. The Court has considered the entire case file, the applicable law, and is sufficiently advised in the premises. This Magistrate Judge respectfully recommends that the Petition be denied.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner is confined at the Jefferson County Detention Facility in Golden, Colorado. Petitioner alleges he was ordered removed from the United States on March 28, 2012, based on a Colorado state conviction for vehicular eluding that was found by an immigration judge to be an aggravated felony under the Immigration and Nationality Act. Petitioner currently is being prosecuted in the District of Colorado for illegal re-entry of a removed alien subsequent to a felony conviction in alleged violation of 8 U.S.C. § 1326(a) and (b)(1). See *United States v. Flores*, No. 18-cr-00150-MSK-GPG. In the criminal case, Petitioner filed a motion to dismiss the indictment, arguing that the March 2012 removal order is invalid because his Colorado conviction for vehicular eluding is not an aggravated felony in light of the United States Supreme Court's decision in *Sessions v. Dimaya*, 138 S. Ct. 1204 (2018). The motion to dismiss the indictment was denied on April 8, 2019.

Petitioner again contends in the Petition in this action that the March 2012

removal order is invalid in light of *Dimaya*. Although Petitioner has not used the correct habeas corpus application pleading form approved for use in the District of Colorado, the Court will not require him to cure that deficiency.

## II.  DISCUSSION

The Court lacks subject matter jurisdiction over Petitioner's claims challenging the removal order.  "Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto."  *Bender v. Williamsport Area Sch. Dist.,* 475 U.S. 534, 541 (1986).  In the REAL ID Act of 2005, Congress curtailed habeas review of removal decisions by shifting "certain immigration disputes formerly raised through habeas corpus in the district courts to the courts of appeals and converted them into petitions for review."  *Hem v. Maurer,* 458 F.3d 1185, 1188 n.3 (10th Cir. 2006).  In particular, "[t]he REAL ID Act expressly divests district courts of jurisdiction over habeas challenges to removal orders . . . and funnels all such challenges to the appropriate court of appeals as the sole and exclusive means for judicial review of an order of removal."  *Thoung v. United States*, 913 F.3d 999, 1003 (10th Cir. 2019); *see also Hem*, 458 F.3d at 1188 n.3 ("a petition for review to an appellate court [is] the sole means of review of an order of removal issued under the [Immigration and Nationality Act], and specifically excludes review under the habeas statutes.")  Because the Court lacks subject matter jurisdiction over Petitioner's claims challenging the removal order, the Petition must be dismissed.

## III.  RECOMMENDATION

For the reasons set forth herein, this Magistrate Judge respectfully

RECOMMENDS that the Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241 (ECF No. 5) be denied and the action be dismissed for lack of subject matter jurisdiction.

DATED at Grand Junction, Colorado, this 16th day of May, 2019.

BY THE COURT:

Gordon P. Gallagher
United States Magistrate Judge